**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
*www.flsb.uscourts.gov*

In re:

**ASTOR EB-5, LLC.,** Case No.: **18-24170-AJC**

Debtor and Debtor-In-Possession. Chapter **11**

_______________________________________/

**AFFIDAVIT OF ORSHAN, P.A. PURSUANT TO 11 U.S.C. § 327 AND § 329 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016**

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI-DADE )

Paul L. Orshan, being duly sworn, deposes and says:

1. I am an attorney at law, duly admitted to practice in the courts of the State of Florida and the Bankruptcy and District Courts for the Southern and Middle Districts of Florida, and I am presently in good standing before such courts.

2. I am the owner and President of the law firm of Orshan, P.A. ("Applicant"), and maintain my office at 701 Brickell Avenue, Suite 2000, Miami, FL 33131.

3. This Affidavit is submitted in support of the *Application for an Order Authorizing the Employment of Orshan, P.A. As Counsel for Debtor and Debtor-In-Possession Pursuant To 11 U.S.C. § 327* (the "Application") filed November 13, 2018 (DE _).

4. I make this Affidavit based in material part on a list of creditors and parties in interest of Astor EB-5, LLC, (the "Debtor") and Applicant's business records, including a conflict check.

5. Applicant does not have any connection with the Debtor, any creditor or party-in-interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

6. To the extent that any information disclosed herein requires supplementation, amendment or modification upon Applicant's completion of further analysis or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

7. Applicant does not hold or represent any interest adverse to the Debtor or its estate.

8. To the best of my knowledge, except as may be set forth above, Applicant:

    a. is not a creditor, equity security holder or insider of the Debtor;

    b. is not and was not an investment banker for any outstanding security of the Debtor;

    c. has not been, within three (3) years before the Petition Date (i) an investment banker for a security of the Debtor or (ii) or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor;

    d. is not and was not, within two (2) years before the Petition Date a director, officer or employee of the Debtor or of an investment banker for the Debtor; and

    e. does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of a direct or indirect relationship to, connection with or interest in the Debtor, or an investment banker for the Debtor, or for any other reason.

## RATES AND BILLING PRACTICES

9.  Subject to this Court's approval and in accordance with 11 U.S.C. § 330(a) and § 331, Applicant will seek payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Applicant on behalf of the Debtor's representation. The current regular hourly rate for undersigned counsel in this representation is $475.00 per hour. Applicant's associate attorney rate is $250.00 per hour, and paralegal rate is $125.00 per hour. The foregoing rates are subject to periodic increases, usually in January each year. Expense items for which the Debtor may be charged, include, but are not limited to, document reproduction, computerized research, travel expenses, telephone charges, telecopy charges, mailing (including foreign delivery) charges, necessary secretarial overtime, messenger services, filing fees, service of process charges, expenses of investigation, electronic discovery, trial experts and the costs of depositions, or other transcripts of testimony, all, of course, subject to this Court's approval.

10. No agreement or understanding exists between Applicant and any entity for the sharing of compensation received or to be received in connection with Applicant's representation of the Debtor.

[This space intentionally left blank]

Applicant intends to apply for compensation for professional services rendered in this Chapter 11 case and for reimbursement of actual and necessary expenses incurred in connection therewith, in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules and any administrative orders entered in this case.

PAUL L. ORSHAN, ESQ.
ORSHAN, P.A.

The foregoing Affidavit of Orshan, P.A. was acknowledged before me on the 14 day of November, 2018, by Paul L. Orshan, who is personally known to me and who did not take an oath.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF235560
Expires 5/28/2019

NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

[illegible]

[illegible]
NOTARY PUBLIC
STATE OF FLORIDA
Comm# [illegible]
Expires [illegible]