## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*
www.flsb.uscourts.gov

In re:                                                                                          Case No. 18-24170-AJC

**ASTOR EB-5, LLC,**                                                                Chapter 11

    Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 366 BANKRUPTCY CODE (i) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (ii) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT; AND (iii) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT**
(Emergency Hearing Requested Pursuant to Local Rule 9075-1)

### Statement of Exigent Circumstances

**The Debtor seeks to continue to preserve the value of its estate, and to facilitate a successful reorganization. Without the immediate authorization to continue use of its electric utilities, the viability and preservation of the Debtor's assets will be problematic.**

**ASTOR EB-5, LLC,** as debtor and debtor-in-possession ("Astor" or "Debtor"), by and through its undersigned attorneys, hereby files its *Emergency Motion for Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Service on Account of Prepetition Invoices; (ii) Approving the Debtor's Proposed Adequate Assurance of Payment; and (iii) Establishing Procedures for Determining Additional Requests for Adequate Assurance of Payment* ("Motion") and respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the Motion are 11 U.S.C. §§ 105 and 366.

**Background**

2. On November 14, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is managing its affairs as debtor and debtor-in-possession. 11 U.S.C. §§ 1107(a) and 1108.

4. The Debtor is engaged in the ownership of the building and contents located at 956 Washington Ave, Miami Beach, FL, which operated as the Hotel Astor until its operations were shut down in September, 2018.

**Relief Requested and Grounds for Relief**

5. By this Motion, the Debtor seeks an order of this Court (i) prohibiting Florida Power & Light Co. ("FPL") from altering, refusing or discontinuing service on account of prepetition invoices; (ii) determining that the Debtor's demonstrated ability to pay for post-petition Utility Services (as defined below), constitutes adequate assurance of future performance (the "Proposed Adequate Assurance") within the meaning of Section 366 of the Bankruptcy Code, and (iii) establishing procedures for determining requests by FPL for additional "adequate assurance of payment" within the meaning of Section 366 of the Bankruptcy Code.

### A. Utility Services

6. In connection with the normal operation of the Debtor's business, FPL provides the Debtor with electric services (collectively, the "Utility Services").[1] The Debtor has an Existing Deposit on hand with FPL in the amount of $10,335. The average monthly utility bill is currently relatively small as the operations have ceased, however, the continued supply of Utility Services is essential to the continued operation of the Debtor's business and the maintenance (and preservation) of its going-concern value.

7. The Debtor is seeking to make arrangements to meet payment obligations for all Utility Services as and when due.

8. To the best of the Debtor's knowledge, the only arrearages, with respect to payment for Utility Services, is the amount of $12,229.75 owed to FPL.

9. Pursuant to Section 366 of the Bankruptcy Code, FPL is enjoined for the first twenty (20) days (the "Stay Period") following the Petition Date, from altering, refusing or discontinuing the Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Debtor's Chapter 11 case or on the basis that the Debtor is indebted to FPL as a result of charges for prepetition Utility Services. 11 U.S.C. §366(c).

10. In this Chapter 11 case, if FPL refuses to provide or discontinues providing Utility Services to the Debtor after the Stay Period expires, the Debtor would suffer substantial and irreparable harm. It is therefore essential that the Debtor's Utility Services continue uninterrupted.

### B. Adequate Assurances Under Section 366 of the Bankruptcy Code

---

[1] Nothing herein shall be deemed an admission that any of FPL constitute "utilities" for purposes of Section 366 of the Bankruptcy Code. The order granting this Motion is without prejudice to the right of the Debtor and each Utility Company may seek a determination that it is not a utility.

11. Section 366(b) of the Bankruptcy Code provides that FPL may discontinue Utility Services after expiration of the Stay Period if adequate assurance of payment, in the form of a deposit or other security, for Utility Services is not provided.

12. Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit. The Debtor submits that the Existing Deposit, constitutes sufficient adequate assurance of future performance under Section 366. Nonetheless, if any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures described below.

### C. **Additional Adequate Assurance Procedures**

13. To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes that the following procedures (the "Additional Adequate Assurance Procedures") be adopted:

   a. Any Utility Company desiring additional assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtor's counsel, within thirty (30) days of the date of the order granting this motion, at the following address:  Paul L. Orshan, P.A., 701 Brickell Avenue, Suite 2000, Miami, FL  33131.

   b. Any additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account numbers(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future performance.

   c. Upon the Debtor's receipt of an Additional Assurance Request at the address set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request or (ii) 30 days (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

    d.    The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in conjunction with any such resolution, in its discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

    e.    If the Debtor determines that an Additional Adequate Assurance Request is not reasonable, and are not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code[2].

    f.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    g.    Any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

### D. Subsequent Modifications of Utility Companies List

14.    It is possible that, despite the Debtor's efforts, certain Utility Companies have not yet been identified by the Debtor or included in this motion. To the extent that the Debtor identifies additional Utility Companies, the Debtor will file amendments to this motion and shall serve copies of the order granting the Motion (the "Order") (when and if entered) on such newly-identified Utility Companies. The Debtor requests that the Order be binding on all Utility Companies, subject

---

[2] Section 366(c)(3)(A) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment. . ." 11 U.S.C. §366(c)(3)(A).

to (i) their rights to the Proposed Adequate Assurance, and (ii) their rights to request additional adequate assurance, regardless of when any given Utility Company was added to this motion.

### E. Authority for the Requested Relief

15. The policy underlying Section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1989 U.S.C.A.N. 5963, 6306.  Section 366(c)(1) of the Bankruptcy Code, as recently modified in October 2005, defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, prepayment for utility service) while excluding form the definition certain other forms of security (e.g., administrative expense priority for a utility's claim). In addition, Section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts (e.g., a debtor's prepetition history of making timely payments to a utility) in making a determination of an adequate assurance of payment.

16. While Section 366(c) clarifies what constitutes "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what *amount*, if any, is necessary to provide adequate assurance of payment to a Utility Company. Indeed, Section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case. See 11 U.S.C. §366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment . . .").

17. Thus, there is nothing within Section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero. Prior to the enactment of Section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to Section 36(b) of the Bankruptcy Code, and frequently did so. See Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646, 650 (2nd Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the deposit or other security, provided for under §366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

18. Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing Section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. See e.g., In re Caldor, Inc. – N.Y., 199 B.R. 1, 3 (S.D. N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment,'") (citation omitted), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y., 117 F.3d 646 (2d Cir. 1997); In re Adelphia Bus. Solutions, Inc., 280 BR 63, 80 (Bankr. S.D.N.Y. 2002) (same): Steinbach v. Tucson Elec. Power Co. (In re Steinbach), No. 4-02-04876-EWH, 2004 WL 51616, at *5 (Bankr. D. Ariz. Jan 2, 2004) ("Adequate assurance of payment is not, however, absolute assurance…All §366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that Section 366(b) of Bankruptcy Code "contemplates that a utility receive

only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

19. The Debtor submits that, given the foregoing, the relief requested in this Motion is consistent with, and fully satisfies, the requirements of Section 366 of the Bankruptcy Code. Far from offering FPL nominal (or even no) assurance of payment, the Debtor proposes to provide FPL with (a) the security of the Existing Deposits, and (b) procedures pursuant to which FPL can seek greater or different security.

20. Similar relief has been granted in other cases in other districts decided under Section 366 of the Bankruptcy Code. See In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D. N.Y. Feb. 2, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr S.D. N.Y. Jan. 18, 2006); In re Refco, Inc., Case No. 05-60006 (RDD) (Bankr. S.D. N.Y. Dec. 9, 2005).

## Notice

21. No trustee or examiner has been appointed in these cases and no official committee has been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given via CM/ECF to the Office of the United States Trustee for the Southern District of Florida and all parties registered with CM/ECF in this case, and by United States first-class mail to FPL. The Debtor submits that, given the nature of the relief requested herein, no other or further notices are necessary.

## Basis for Emergency Relief

22. As set forth above, the Debtor's ability to preserve the value of its assets will be severely prejudiced if the Court does not grant the relief requested herein. Thus, the Debtor reasonably believes that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit.

23. In accordance with Local Rule 9075-1, the Debtor has made a *bona fide* effort to resolve the matter without a hearing; however, as a practical matter, the relief sought herein cannot be resolved without the Court's involvement and a hearing is required.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the Motion and granting such other and further relief as may be just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 15, 2015, I caused a true and correct copy of the foregoing to be served electronically via the Court's CM/ECF system and/or U.S. Mail as stated in Paragraph 21 herein.

Dated: November 15, 2018.

**ORSHAN, P.A.**
*Proposed Counsel for Debtor*
701 Brickell Ave., Suite 2000
Miami, Florida 33131
Telephone: (305) 529-9380
Facsimile: (305) 402-0777

By*:    /s/ Paul L. Orshan*
Paul L. Orshan, Esq.
Florida Bar No.: 776203
paul@orshanpa.com