UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ASTOR EB-5, LLC

    Debtor.
_____/

Case No. 1:18-bk-24170-AJC
Chapter 11

### LANDLORD 1651 ASTOR, LLC'S EMERGENCY MOTION TO COMPEL DEBTOR TO ALLOW IMMEDIATE ACCESS TO PROPERTY TO ALLOW LANDLORD TO PRESERVE AND PROTECT PROPERTY

(**Emergency Hearing Requested**)

**Statement of Exigent Circumstances**

**Landlord 1651 Astor, LLC's principal asset is its interest in the Astor Hotel located in Miami Beach. The Debtor-Tenant has failed to maintain the premises, which is unoccupied, including inexplicably by failing to maintain electric service, as well as and failing to remedy ongoing Code violations. That failure has put Landlord's principal asset in immediate jeopardy. Landlord's counsel has been in constant contact with proposed special counsel for the Debtor, Attorney Dennis A. Donet, Esq,, who is well-aware of the dire situation and, despite contact with the Debtor's members, has not yet had electricity restored. This Court previously granted the Landlord stay relief to prosecute its state court foreclosure action to judgment, with possession but subject to further order of this Court. As of the filing of this Emergency Motion, the Debtor has not provided access to the premises. Landlord reasonably believes that a hearing on this Emergency Motion is necessary by not later than February 22, 2019.**

    1651 Astor, LLC ("Landlord"), by counsel, pursuant to 11 U.S.C. § 105(a), moves for entry of an Order compelling Debtor Astor EB-5, LLC ("Debtor" or "Tenant"), to provide Landlord immediate access to the Premises (as defined in paragraph 1, below) in order to protect and preserve the Premises, including to have electricity restored and ongoing cure City of Miami Beach code violations which the Debtor has not remedied. In support of this Motion, Landlord states:

1

8939557-2

## BACKGROUND

1. On or about July 24, 2008, Landlord and Kelmar Astor, LLC, the original tenant, entered into the Lease for the property known as the Astor Hotel, located at 956 Washington Avenue, Miami Beach, Florida 33139 (the "Premises"). On August 30, 2013, the Lease was assigned to Astor EB-5, LLC, as Tenant.

2. Tenant took possession of the Premises pursuant to the Lease.

3. On September 7, 2018, Landlord gave Tenant Notice of Default of the Lease.

4. On September 24, 2018, Landlord sent a Three Day Notice to Tenant.

5. Tenant failed and refused to comply with the demand in the Notice of Default and Three Day Notice.

6. On October 1, 2018, Landlord provided written notice to the Debtor and Astor EB5 Funding, LLC, the leasehold mortgagee, that the Lease was terminated "effective immediately."

7. Also on October 1, 2018, Landlord filed its *Complaint for Summary Eviction and Damages* (the "Complaint") against Tenant in Miami-Dade Circuit Court (the "State Court"), No. 2018-033208-CA-01 (the "State Court Action").

8. By Notice of Hearing dated October 16, 2018, the State Court set Landlord's *Plaintiff's Motion to Strike Defendant's Motion for a Rent Determination Hearing and for Entry of Final Default Judgment of Possession* for hearing on November 15, 2018 (the "Nov. 15 Hearing").

9. On November 14, 2018 ("Petition Date"), one (1) day prior to the Nov. 15 Hearing, Tenant filed this chapter 11 case. [ECF No. 1]

10. In its *Case Management Summary*, the Debtor, through Manager David Hart, acknowledges that the Premises are leased, and states that the reason for filing its chapter 11 case

was to "[p]reserve the value of the Debtor's assets *and to stop an eviction by the landlord."* [ECF No. 9, ¶¶4, 5].

11. By Order dated January 18, 2019, the Court granted Landlord relief from the automatic stay so that it continue prosecuting its pre-Petition Date State Court Action up to and through obtaining judgment; provided, however, Landlord was prohibited from executing on any such judgment absent further Order from this Court. [ECF No. 41, ¶2]

12. Landlord has not yet obtained judgment in the State Court Action.

13. Based on emails between counsel for the Landlord proposed special counsel to the Debtor, Dennis A. Donet, Esq., the Debtor and its members are aware that electric service has been discontinued and have not yet had that service restored, placing the Landlord's principal asset—the Premises—in immediate jeopardy. Moreover, existing Code violations have not been rectified by the Debtor, and access to the Premises is needed so that Landlord can address the violations as needed. Accordingly, Landlord moves the Court for entry of an Order compelling the Debtor to provide Landlord <u>immediate</u> access to the Premises to protect and preserve that asset, including but not limited to having electric service restored.

## **ARGUMENT**

14. Section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, provides that the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). The Court's equitable powers under Section 105(a) are, therefore, appropriately employed in furtherance of other provisions of the Bankruptcy Code. *See GTCR Golder Rauner, LLC v. Scharrer (In re Fundamental Long Term*

*Care, Inc.),* 501 B.R. 770, 776 (Bankr. M.D. Fla. 2013) ("The *only* limitation on a bankruptcy court's power to enter injunctive relief sua sponte is the requirement that the Court's equitable powers may only be used to further the goals and provisions of the Bankruptcy Code.") (emphasis added); *Carter v. Flagler Hosp., Inc. (In re Carter),* 411 B.R. 730, 735 (Bankr. M.D. Fla. 2009) (same).

15. Here, entry of an order granting the relief requested is appropriately based on Section 105(a) of the Bankruptcy Code because such relief would be in furtherance of and consistent with the Court's prior stay relief [ECF No. 41], order which, in turn, was based on Section 362(d) of the Bankruptcy Code.

### Local Rule 9075-1 Certification

16. Landlord, through undersigned counsel, has made a good faith effort to resolve the issue raised in this Emergency Motion, immediate access to have electricity restored and to address ongoing Code violations, to no avail. Landlord's counsel has sent and received numerous emails to and from Attorney Dennis Donet, Esq., regarding the condition of the shuttered premises as it relates to the lack of electricity. Landlord's counsel reached out to Attorney Donet in a further attempt to obtain immediate access to the premises prior to filing this Motion, but he was unavailable. When a return call is received undersigned counsel will contact the Court and advise as to the access issue raised in this Motion.

**WHEREFORE**, Landlord respectfully requests the Court set this Emergency Motion for hearing by not later than February 22, 2019, and enter an Order granting the relief requested, and

for such other and further relief as may be just and proper under the circumstances.

Dated: February 21, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for 1651 Astor, LLC*
1450 Brickell Ave., Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

By: */s/ Brian G. Rich*
    Brian G. Rich
    Florida Bar No. 038229
    brich@bergersingerman.com
    Paul A. Avron
    Florida Bar No. 50814
    pavron@bergersingerman.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF System upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Mail Notice List, which includes Paul L. Orshan, Esq., Orshan, P.A., Attorneys for the Debtor, 701 Brickell Ave., Suite 2000, Miami, FL 33131, and also on proposed Special Counsel to the Debtor, Dennis A. Donet, Esq., Law Office of Dennis A. Donet, P.A., 9100 S. Dadeland Blvd., Suite 906, Miami, FL 33156, via Electronic Mail (dennis.donet@donetlaw.com), on this 21st day of February, 2019.

    */s/ Brian G. Rich*
    Brian G. Rich

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ricardo Corona    bk@coronapa.com, rcorona@coronapa.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Paul L. Orshan    paul@orshanpa.com, seelenams@gmail.com
- Brian G Rich    brich@bergersingerman.com, efile@bergersingerman.com;bwalter@bergersingerman.com;efile@ecf.inforuptcy.com
- Steven R Safra    Steven.Safra@csklegal.com, david.caballero@csklegal.com;shelly.zambo@csklegal.com;renee.nail@csklegal.com;hazel.colon@csklegal.com