UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*

In re:                                                                                  Case No.: **18-24170-AJC**

ASTOR EB-5, LLC,                                                              Chapter **11**

      Debtor and Debtor-In-Possession.
_____\

### SHAREHOLDER'S MOTION TO APPROVE SETTLEMENT AND GENERAL RELEASE AGREEMENT

**COMES NOW**, Shareholders[1], FABIOLA RENZA de VALENZUELA (hereinafter "Shareholder RENZA"), ZORAIDA M. YANEZ (hereinafter "Shareholder YANEZ"), IRAK MANUEL FERREIRA MARINO (hereinafter "Shareholder IRAK"), ISRAEL FERREIRA (hereinafter Shareholder "ISRAEL"), and GELA KOVALSKY (hereinafter Shareholder "KOVALSKY") (hereafter collectively known as "Shareholders" or "EB-5 Investors") respectfully file this and through their undersigned counsel, hereby move for entry of an Order Approving the Settlement and General Release Agreement for, and in support thereof, state:

### BACKGROUND

1. On November 13, 2018, Astor EB-5, LLC. ("Debtor" or "ASTOR") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 *et seq*. (the bankruptcy Code").

2. On December 7, 2018, the purported Landlord, 1651 ASTOR, LLC (the "Landlord"), filed its Motion for Relief From the Automatic Stay (the "MOTION"). [DE 27]

---

[1] The Shareholders are investors in the debtor that contributed the capital of the company as part of their application for investor U.S. resident visas pursuant to the EB-5 program. They are also creditors of the debtor through advances made to fund certain expenses of the debtor, pre and post-petition.

3. The Ground Lease that is the subject of the Landlord's Motion is the 99-year lease on the Fee title to the land under the Astor Hotel. The Debtor owns the building and improvements and operates the Astor Hotel from the premises.

4. The Debtor's business is the operation of the Astor Hotel.

5. The Leasehold interest is the practically the only asset of the Debtor.

6. The Debtor filed no response to the Motion.

7. The Shareholders filed Shareholder's Objection to Landlord 1651 Astor, LLC's Motion for Relief from the Automatic Stay and/or Motion for Extension of Time to make Adequate Protection Payments Due to Mismanagement of Debtor in Possession by David Hart ("SHAREHOLDER'S OBJECTION"). [DE 40]

8. The Shareholders argued that David Hart ("HART") the Managing Member of the Debtor was mismanaging the Debtor and was causing the forfeiture of the leasehold interest of the Debtor. The Court was informed of the Shareholders derivative arbitration action on behalf of the Debtor pending before former State Circuit Court Judge Blake against Hart and others.

9. On January 16, 2019 the Court held a hearing on the Motion and Shareholder's Objection and issued its Order modifying the automatic stay so that the Shareholder's may proceed to conclusion the pending arbitration proceedings against Astor EB-5, LLC, David J. Hart and Frederick Richardson, up to and including rendering of a decision in the arbitration proceedings, however, that Plaintiffs shall not execute upon any judgment against Debtor Astor EB-5, LLC absent further Order of this Court. [DE 41]

10. The Debtor, Shareholders, Hart and the other parties to the arbitration action have reached resolution of the matter and have entered into a Settlement and General Release Agreement (the "SETTLEMENT AGREEMENT") (a copy is attached as Exhibit "A").

11. The Settlement Agreement is subject to the approval of the Arbitrator Judge Blake, the approval of Judge Lopez who is presiding over the Circuit Court action, and the approval of this Court.

12. Judge Blake, as the arbitrator, issued a FINAL ORDER APPROVING SETTLEMENT AGREEMENT on March 14, 2019. (a copy is attached as Exhibit "B").

13. State Circuit Court Judge Peter Lopez entered his ORDER ADOPTING ARBITRATORS MARCH 14, 2019 RULING on March 18, 2019. (a copy is attached as Exhibit "C").

## CONCLUSION

WHEREFORE, Shareholders move for an order approving the Settlement and General Release Agreement pursuant to the Settlement Agreement and this Court's order of January 23, 2019 modifying the automatic stay.

Dated: March 20, 2019                                    Respectfully Submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 547-1234
Facsimile: (305)266-1151

By: /s/ Ricardo R. Corona
Ricardo R. Corona, Esq./FBN 111333

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Mail Notice List, which includes Paul L. Orshan, Esq., Orshan, P.A., attorneys for the Debtor, 701 Brickell Ave., Suite 2000, Miami, FL 33131, and Brian G Rich, Berger Singerman LLP, attorneys for 1651 Astor LLC, 1450 Brickell Ave, Suite 1900, Miami, FL 33131, on this 20th day of March, 2019.

By: /s/ Ricardo R. Corona
Ricardo R. Corona, Esq

.