IN THE CIRCUIT COURT ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2018-007415-CA-01

FABIOLA RENZA de VALENZUELA,
ZORAIDA M. YANEZ,
IRAK MANUEL FERREIRA MARINO,
ISRAEL FERREIRA, and
GELA KOVALSKY,

   Plaintiff,

vs.

ASTOR EB-5, LLC.,
DAVID J. HART, and
FREDERIC S. RICHARDSON

   Defendant.
_____/

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement ("Agreement") is made and entered into between Plaintiffs FABIOLA RENZA de VALENZUELA (hereinafter "RENZA"), ZORAIDA M. YANEZ (hereinafter "YANEZ"), IRAK MANUEL FERREIRA MARINO (hereinafter "IRAK"), ISRAEL FERREIRA (hereinafter "ISRAEL"), and GELA KOVALSKY (hereinafter "KOVALSKY"), (hereinafter collectively referred to as "Plaintiffs");the Defendants, ASTOR EB-5 LLC (hereinafter "ASTOR" or the "COMPANY"), DAVID J. HART (hereinafter "HART"), and FREDERICK RICHARDSON (hereinafter "RICHARDSON") (hereinafter collectively referred to as the "Defendants") and Investors FLAVIO MARONESE (hereinafter "MARONESE"), JOSE MANOEL BIAGI AMORIM (hereinafter "AMORIM"); JAIME SALINAS (hereinafter "SALINAS"), and ROBERTO MAZZA (hereinafter "MAZZA"), THE TARICH LAW FIRM, P.A.and each of their attorneys (hereinafter "TARICH"), CORONA LAW FIRM P.A. and each of their attorneys (hereinafter "CORONA"), (all Defendants,

Investors and Plaintiffs are hereinafter referred to as the "Parties" TARICH and CORONA are hereinafter referred to as the "ATTORNEYS").

WHEREAS, Plaintiffs and Investors were all EB-5 investors in Astor;

WHEREAS, Plaintiffs and Investors retained Hart as their attorney for representation in the EB-5 process;

WHEREAS, HART and RICHARDSON were involved with the management and operations of ASTOR;

WHEREAS, certain differences have arisen between Plaintiffs, Investors and Defendants since the inception of their dealings regarding ASTOR;

WHEREAS, Plaintiffs filed the above captioned derivative action in the name of ASTOR EB-5, LLC., seeking damages against the Managing Members for several counts of negligence, fraud, and deceit in the handling of the management of the Company; and other direct actions for each of the Plaintiffs' own personal damages for fraud and material misrepresentation in the offering and/or management of ASTOR;

WHEREAS, Defendants deny any wrongdoing, unlawful conduct, or liability whatsoever to Plaintiff, or to anyone else, as a result of or growing out of any matters relating to the matters stated within Plaintiffs' Complaint;

WHEREAS, on January 24, 2019, an evidentiary hearing was held on Plaintiffs' Motion for Removal of David Hart as Manager and Judge Blake made a finding that Hart did not act with gross negligence in his management of ASTOR; and

WHEREAS, Plaintiffs, Investors and Defendants desire fully and finally to resolve any and other claims or disputes, that have been made or could have been made by any of the Parties

relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

WHEREAS, on February 26, 2019 at a meeting of the members of the COMPANY the terms of this agreement was presented for a vote and 94% of the membership interests voted in favor to approve and enter into this agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the adequacy of which is hereby acknowledged, Plaintiffs, Investors and Defendants, intending to be legally bound, agree as follows:

    1.    Consideration for Agreement & Parties' Duties and Representations:

        a.    General Release.

            i.    PLAINTIFFS, INVESTORS and ASTOR hereby unconditionally and forever releases, acquits, and discharges Defendants and the ATTORNEYS from any and all claims and rights of any kind that each may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of, related to, or in any way connected with ASTOR as of the date this Settlement Agreement is executed. These claims and rights released include, but are not limited to, any and all attorneys fees and costs incurred by any party, any and all claims under statute, contract, or common law, connected in any way to ASTOR.

            ii.    HART and RICHARDSON hereby unconditionally and forever releases, acquits, and discharges PLAINTIFFS, INVESTORS, ASTOR and the ATTORNEYS from any and all claims and rights of any kind that each may have,

whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of, related to, or in any way connected with ASTOR as of the date this Settlement Agreement is executed. These claims and rights released include, but are not limited to, any and all attorneys fees and costs incurred by any party, any and all claims under statute, contract, or common law, connected in any way to the ASTOR.

The Parties acknowledge and agree that this Settlement Agreement is a general and all-encompassing agreement.

2. Payment:

Plaintiffs shall deliver to HART and RICHARDSON as follows:

    a. Plaintiffs shall deliver to HART payment in the amount of $10,000.00, for purchase of HART's 10% interest in Astor; which HART hereby agrees to transfer 2% to each Plaintiff.

    b. Plaintiffs shall deliver to RICHARDSON payment in the amount of $10,000.00, for purchase of RICHARDSON'S 10% interest in Astor; which RICHARDSON hereby agrees to transfer 2% to each Plaintiff.

The payments required by this paragraph shall be made via cashiers' checks delivered to The Tarich Law Firm PA Trust Account., within two (2) business days following final approval by Judge Blake; Judge Lopez and Judge Cristol of this Settlement Agreement.

3. TRANSFER of HART and RICHARSDON additional 30% interest[1] in ASTOR to be issued proportionately to each PLAINTIFF and INVESTOR in exchange for their funding of a new loan in the amount of $450,000 (plus interest) to ASTOR through the bankruptcy court;

    a. HART hereby transfers to ASTOR his remaining 15% interest in ASTOR;

---

[1] There remains an additional 4% of unissued shares which will be used by ASTOR as set forth in Paragraph 3(c)

  b. RICHARDSON hereby transfers to ASTOR his remaining 15% interest in ASTOR;

  c. ASTOR will use this 30% interest plus the 4% interest that is unissued to be issued to the PLAINTIFFS and INVESTORS to induce them to lend to ASTOR the amount of $450,000.00 to pay the past due rent and emergency repairs needed for the property of ASTOR, each funding participant in this new loan will receive a proportionate share of the 34% relative to the amount that they loan and their interest in ASTOR.

  d. HART stipulates that the principal amount due by the COMPANY to ASTOR EB-5 FUNDING LLC is not more than $4,500,000.

4. Other Terms and Conditions:

  a. Complete Agreement. It is understood and agreed that the only operative agreements between the Parties are those executed in conjunction with this Agreement.

  b. Construction; Venue. This Agreement is to be construed according to the laws of the State of Florida and venue shall be in arbitration with any AAA approved arbitrator in Miami-Dade County, Florida.

  c. Waiver of Breach. The waiver by either party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

  d. Severability. Should any provision of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

  e. Counterparts. This Agreement may be signed in counterparts, and all so executed counterparts shall constitute one agreement which shall be binding on all of the

parties hereto, notwithstanding that all of the parties may not have each signed the same signature page.

    f.    Attorneys' Fees and Costs. In any action based on this Agreement, the prevailing party will be entitled to recover reasonable attorneys' fees and costs.

5. Dismissal of Actions. Within five (5) days following final approval by Judge Blake; Judge Lopez and Judge Cristol of this Settlement Agreement both the Arbitration proceeding and Circuit Court lawsuit shall be dismissed by the Plaintiffs with prejudice with each side responsible for their own attorney's fees and costs.

6. Upon approval of this Settlement Agreement as set forth herein above, David Hart shall no longer be the Managing Member of ASTOR. To the extent, the Plaintiffs and Investors should choose to amend the Operating Agreement of ASTOR thereafter, it shall be in their sole discretion to do so. However, upon Hart turning over all documents in his possession related to the ASTOR, Hart shall immediately be removed from the Company's records, accounts, etc., both public and private within ten (10) days of his removal and of the documents being transferred to Plaintiffs and Investors.

7. Knowing and Voluntary Agreement:

THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE ENTIRE AGREEMENT, HAVE HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT PRIOR TO ITS ACCEPTANCE, HAVE BEEN INSTRUCTED TO AND HAVE CONSULTED THEIR/ITS ATTORNEYS AS TO ITS CONTENTS AND EFFECT, AND ENTER THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

This agreement is subject to approval by Judge Stanford Blake, as the Arbitrator; the adoption and approval of Judge Peter Lopez, Circuit Court Judge, and Judge A.J. Cristol, the presiding Judge in the Company's Chapter 11 bankruptcy proceeding. If any term of the agreement is not accepted by any of the aforementioned Judges the agreement will be null and void.

Agreed and Accepted:

Date: 03/12/2019

_____
FABIOLA RENZA DE VALENZUELA

Date: _____

_____
ZORAIDA M. YANEZ

Date: _____

_____
IRAK MANUEL FERREIRA MARINO

Date: _____

_____
ISRAEL FERREIRA

Date: _____

_____
GELA KOVALSKY

Date: _____

_____
For ASTOR EB-5 LLC,
DAVID J. HART, Managing Member

Date: _____

_____
DAVID J. HART

This agreement is subject to approval by Judge Stanford Blake, as the Arbitrator; the adoption and approval of Judge Peter Lopez, Circuit Court Judge, and Judge A.J. Cristol, the presiding Judge in the Company's Chapter 11 bankruptcy proceeding. If any term of the agreement is not accepted by any of the aforementioned Judges the agreement will be null and void.

Agreed and Accepted:

Date: _____

FABIOLA RENZA DE VALENZUELA

Date: 3/12/19

ZORAIDA M. YANEZ

Date: 3/12/19

*Manuel Ferreira as Agent for Irak Manuel Ferreira Mar[ino]*

IRAK MANUEL FERREIRA MARINO

Date: _____

ISRAEL FERREIRA

Date: _____

GELA KOVALSKY

Date: _____

For ASTOR EB-5 LLC,
DAVID J. HART, Managing Member

Date: _____

DAVID J. HART

This agreement is subject to approval by Judge Stanford Blake, as the Arbitrator; the adoption and approval of Judge Peter Lopez, Circuit Court Judge, and Judge A.J. Cristol, the presiding Judge in the Company's Chapter 11 bankruptcy proceeding. If any term of the agreement is not accepted by any of the aforementioned Judges the agreement will be null and void.

Agreed and Accepted:

Date: _____

FABIOLA RENZA DE VALENZUELA

Date: _____

ZORAIDA M. YANEZ

Date: _____

IRAK MANUEL FERREIRA MARINO

Date: 03/11/19

*[signature]*

ISRAEL FERREIRA

Date: _____

GELA KOVALSKY

Date: _____

For ASTOR EB-5 LLC,
DAVID J. HART, Managing Member

Date: _____

DAVID J. HART

This agreement is subject to approval by Judge Stanford Blake, as the Arbitrator; the adoption and approval of Judge Peter Lopez, Circuit Court Judge, and Judge A.J. Cristol, the presiding Judge in the Company's Chapter 11 bankruptcy proceeding. If any term of the agreement is not accepted by any of the aforementioned Judges the agreement will be null and void.

Agreed and Accepted:

Date: _____          _____
                                        FABIOLA RENZA DE VALENZUELA

Date: _____          _____
                                        ZORAIDA M. YANEZ

Date: _____          _____
                                        IRAK MANUEL FERREIRA MARINO

Date: _____          _____
                                        ISRAEL FERREIRA

Date: 3-12-2019                        *(signed)*
                                        GELA KOVALSKY

Date: 3-8-2019                         *(signed)*
                                        For ASTOR EB-5 LLC,
                                        DAVID J. HART, Managing Member

Date: 3-8-2019                         *(signed)*
                                        DAVID J. HART

Date: 3-11-2019

_____
FREDERIC RICHARDSON

Date: _____

_____
FLAVIO MARONESE

Date: _____

_____
JOSE MANOEL BIAGI AMORIM

Date: _____

_____
JAIME SALINAS

Date: _____

_____
ROBERTO MAZZA

Date: _____

_____
For THE TARICH LAW FIRM P.A.
MANNY TARICH, ESQ.

Date: _____

_____
For CORONA LAW FIRM P.A.
RICARDO R. CORONA

Date: _____

Date: 08/MARCH/2019

Date: _____

Date: _____

Date: _____

Date: _____

Date: _____

_____
FREDERIC RICHARDSON

*[signature]*

_____
FLAVIO MARONESE

_____
JOSE AMORIN

_____
JAIME SALINAS

_____
ROBERTO MAZZA

_____
For THE TARICH LAW FIRM P.A.
MANNY TARICH, ESQ.

_____
For CORONA LAW FIRM P.A.
RICARDO R. CORONA

Date: _____          _____
                               FREDERIC RICHARDSON

Date: _____          _____
                               FLAVIO MARONESE

Date: _____          _____
                               JOSE AMORIN

Date: _____          _____
                               JAIME SALINAS

Date: _____          _____
                               ROBERTO MAZZA

Date: _____          _____
                               For THE TARICH LAW FIRM P.A.
                               MANNY TARICH, ESQ.

Date: _____          _____
                               For CORONA LAW FIRM P.A.
                               RICARDO R. CORONA

Date: _____          _____
                                      FREDERIC RICHARDSON


Date: _____          _____
                                      FLAVIO MARONESE


Date: _____          _____
                                      JOSE MANOEL BIAGI AMORIM

                                      *[signature]*

Date: _____          _____
                                      JAIME SALINAS - *Marcelo Gomez*


Date: _____          _____
                                      ROBERTO MAZZA


Date: _____          _____
                                      For THE TARICH LAW FIRM P.A.
                                      MANNY TARICH, ESQ.


Date: _____          _____
                                      For CORONA LAW FIRM P.A.
                                      RICARDO R. CORONA

Date: _____

FREDERIC RICHARDSON

Date: _____

FLAVIO MARONESE

Date: _____

JOSE AMORIN

Date: _____

JAIME SALINAS

Date: 03/11/2019

ROBERTO MAZZA

Date: _____

For THE TARICH LAW FIRM P.A.
MANNY TARICH, ESQ.

Date: _____

For CORONA LAW FIRM P.A.
RICARDO R. CORONA

Date: _____          _____
                                FREDERIC RICHARDSON

Date: _____          _____
                                FLAVIO MARONESE

Date: _____          _____
                                JOSE MANOEL BIAGI AMORIM

Date: _____          _____
                                JAIME SALINAS

Date: _____          _____
                                ROBERTO MAZZA

Date: 3/13/19                  _____
                                For THE TARICH LAW FIRM P.A.
                                MANNY TARICH, ESQ.

Date: 3/13/19                  _____
                                For CORONA LAW FIRM P.A.
                                RICARDO R. CORONA

Date: _____

_____
FREDERIC RICHARDSON

Date: _____

_____
FLAVIO MARONESE

Date: _____

_____
JOSE MANOEL BIAGI AMORIM

Date: _____

_____
JAIME SALINAS

Date: _____

_____
ROBERTO MAZZA

Date: _____

_____
For THE TARICH LAW FIRM P.A.
MANNY TARICH, ESQ.

Date: 3/13/19

_____
For CORONA LAW FIRM P.A.
RICARDO R. CORONA