**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:

**ASTOR EB-5, LLC,**

    Debtor.

_____/

Case No.:     18-24170-AJC

In proceedings under **CHAPTER 11**

**EXPEDITED**
**DEBTORS MOTION PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RULES 6006 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ASSUME LEASE AGREEMENT WITH 1651 ASTOR, LLC**
**(956 Washington Avenue, Miami Beach, Florida)**

**ASTOR EB-5, LLC** ("Debtor"), as Chapter 11 Debtor-in-possession, by and through undersigned counsel, moves this Court to allow it to Assume its Lease with 1651 Aastor, LLC, and in support, states as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. Section 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). The venue is proper before this court pursuant to 28 U.S.C. Sections 1408 and 1409.

2. Pursuant to Section 365 of Title 11 of the United States Code, Debtor seeks an Order Authorizing the Acceptance of the its Lease Agreement of 956 Washington Avenue, Miami Beach, Florida (the "Agreement") between Debtor (d/b/a "Astor Hotel") and 1651 Astor, LLC more fully identified in the attached Exhibit A.

**BACKGROUND**

1. On or about November 14, 2018 the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. [ECF #1].

2. On December 7, 2018, the purported Landlord, 1651 ASTOR, LLC (the "Landlord"), filed its Motion for Relief from the Automatic Stay (the "Relief Motion"). [ECF # 27].

3. The Ground Lease that was the subject of the Landlord's Relief Motion is the 99-year lease on the Fee title to the land under the Astor Hotel. The Debtor owns the building and improvements and operates the Astor Hotel from the premises.

4. The Debtor's business is the operation of the Astor Hotel.

5. There are no loan, or secured creditors other than a disputed leasehold mortgage issued without contemporaneous consideration by the Debtor's former Managing Member, DAVID HART (hereinafter "Hart"), to a company owned and managed by him, ASTOR EB-5 FUNDING, LLC.

6. On January 16, 2019, the Court held a hearing on the Landlord's motion and ultimately issued an order modifying the automatic stay so that the investor shareholders could prosecute an arbitration seeking to oust Hart as the manager of the Debtor. [ECF #28].

7. Subsequent to the hearing, counsel for the Debtor sought leave to withdraw as counsel [ECF #74], which was granted on April 10, 2019. [ECF #82].

8. Hart and the investor shareholders subsequently reached an agreement settling the arbitration claims, and the settlement was approved by this Court's April 12, 2019, Order Granting Shareholder's Motion to Approve Settlement and General Release Agreement (the "Settlement Approval"). [ECF #84].

9. Prior to the expiration of the 120 day timeframe set forth by Section 365, the Debtor has manifested its intent to Assume the lease Agreement.

## ASSUMPTION OF THE "AGREEMENT" IS SUPPORTED BY DEBTORS BUSINESS JUDGMENT AND SHOULD BE APPROVED BY THE COURT

10. Section 365(a) of the Bankruptcy Code provides, and in pertinent part, that a Debtor-in-Possession, "subject to the courts approval, may assume or reject any executory contract or unexpired leases of the Debtor." 11 U.S.C. Section 365(a). The "purpose behind allowing the assumption or rejection of executory contracts is to permit the Debtor-in-Possession to use valuable property of the estate and to "renounce title to and abandon burden some property." See *Orien Pictures Corp. vs. Showtime Networks. Inc.* (In Re: *Orien Pictures Corp.*) 4 F.3d 1095, 1098 (2d Cir. 1993). The standard applied to determine whether the rejection of an executory contract should be authorized is the "business judgment" standard. *See In Re Kline Sleek Products, Inc.*, 78 F. 3rd 18, 25 (2d. Cir. 1996). *See also In Re Weaver Oil Company, Inc.,* 2008 Bankr. LEXIS 4159 (Bankr. N.D. Fla. Nov. 17, 2008).

11. Following the commencement of this Chapter 11 case, and the ouster of Hart, the Debter began immediately began the process of evaluating and getting "a hold" of status of the company, and determine how to proceed.

12. The Agreement is practically the only asset of the Debtor and is valued in excess of $10,000,000.00.

13. The Agreement provides a benefit to the estate and is not a cash drain on the Debtors business. In consideration of the foregoing, Debtor has determined, in the exercise of its sound business judgment, as it has from inception that it is in its best interest to assume the Agreement.

14. That Debtor submits that the assumption of the Agreement should be effective as of the date of filing, as the parties to it have both performed as to its continued effect.

15. Moreover, the Landlord has not only supported the Debtor's contention throughout these proceedings that the Debtor is performing under the active lease Agreement, but also consents to the relief sought herein.

16. In light of the foregoing, the Debtor respectfully requests the Court to approve the assumption of the Agreement under Section 365 of the Bankruptcy Code.

## NO WRITING REQUIRED

17. Even the courts that have required the filing of a written motion in order to exercise the a trustee's right to assume an unexpired executory contract under section 365(a) hold that the rights created by section 365(d)(4)(A) are personal to, and therefore can be waived by, the *landlord* under a lease subject to the provision's presumption of rejection. *See, e.g., Matter of J. Woodson Hays*, 69 B.R. at 309 (finding that "there is no reason why a lessor may not waive the right accorded to the landlord by the provision of the statute or it may not be estopped to assert the same if there is evidence to establish that because of its conduct the failure to comply strictly with the provisions of the statute was not the fault of the debtor/tenant"); *see also In re Southern Motel Associates, Ltd.*, 81 B.R. 112 (Bankr. M.D.Fla. 1987) (explaining that "[t]hese cases lead to the inescapable conclusion that the lessor may waive its right to have a lease rejected if, through its conduct, it evidences an intention to have the lease treated as continuing."). In *In re Ranch House of Orange-Brevard, Inc.*, 78 B.R. 323, 327 (Bankr. M.D.Fla. 1987), for instance, the court observed that "[c]ases decided since the adoption of the

Bankruptcy Amendment and Federal Judgeship Act of 1984 have continued to hold that the equitable principles of waiver and estoppel are applicable to the application of § 365(d) of the Code to executory lease agreements[,]" before holding that a pair of landlords had "waived their right to treat the lease agreement between the parties as rejected."

18.  In doing so, the court noted that the landlords "had actual knowledge of [the] reorganization proceedings initiated by" the Debtor, and "accepted rent" and "continued to treat the lease as valid" even after the lease was *explicitly* rejected.

19.  The Landlord in this matter has steadfastly pointed brought to the Court's attention that Court's have held that a debtor-in-possession may assume or reject an unexpired lease by clearly communicating in an unequivocal manner its intentions to do so to the lessor, the debtor "must manifest an unconditional and unambiguous decision."

20.  As the Debtor has posted all of the rent due to the Landlord in the State Court (since limited stay relief was granted), it has manifested an unequivocally and unambiguous decision to assume the lease.

## CONCLUSION

For the reasons setforth herein, and because the **only** parties to the Agreement in the instant matter, Landlord and Debtor, have **1)** treated the lease as valid after the expiration of the 120-day period set forth in section 365(d)(4)(A), **2)** the Landlord consents to the relief requested herein, and **3)** that Astor Funding, LLC has no standing to enforce the Landlord's rights under section 365(d)(4)(A), the Agreement should be

treated as being assumed by the Debtor, and afford it such other further relief this Honorable Court deems just, proper and equitable under the circumstances.

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A). I hereby further certify that on **August 16, 2019**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel, via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: August 16, 2019            Respectfully submitted,

**LAW OFFICE OF ADAM I. SKOLNIK, P.A.**

 /s/ *Adam I. Skolnik*
ADAM I. SKOLNIK (FBN. 728081)
ATTORNEY FOR DEBTOR: **ASTOR EB-5, LLC**
1761 WEST HILLSBORO BOULEVARD, SUITE 201
DEERFIELD BEACH, FLORIDA 33442
TELEPHONE:       561.265.1120
FACSIMILE:         561.265.1828
ASKOLNIK@SKOLNIKLAWPA.COM