UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*

In re:                                                                                            Case No.: **18-24170-AJC**

ASTOR EB-5, LLC,                                                                      Chapter **11**

       Debtor and Debtor-In-Possession.
_____\

### ASTOR EB-5, LLC, DEBTOR-IN-POSSESSION'S MOTION FOR APPROVAL OF A COMPROMISE AND SETTLEMENT WITH ASTOR FUNDING, LLC. AND THE 1651 ASTOR, LLC. PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. §105

**COMES NOW**, ASTOR EB-5 LLC, Debtor and Debtor-in-Possession, through the undersigned hereby submit this motion (the "Motion"), pursuant to section 105(a) and §1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the Debtor's proposed compromise and settlement with creditor, Astor Funding, LLC ( "Funding" ) and with 1651 Astor, LLC. ("LANDLORD") (and, together with the Debtor-in-Possession, the "Parties") on the terms and conditions attached hereto as Exhibits A and B. In support of this Motion, the Debtor-in-Possession respectfully represent as follows:

### BACKGROUND

1. On November 13, 2018, Astor EB-5, LLC. ("Debtor" or "ASTOR") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 *et seq*. (the bankruptcy Code").

2. On July 2, 2019 the Debtor commenced an adversary proceeding (Adv. Proc. No. 19-01203 the "Adversary Proceeding") against Astor Funding, LLC ("FUNDING") by filing a

Complaint [Adv. D.I. 1] (the "Complaint"), seeking to invalidate the mortgage encumbering the Debtor's 99 year leasehold interest in The Astor Hotel (the "LEASE").

3. The parties have since agreed to resolve all claims, including the claims addressed in the Adversary Proceeding in accordance with the terms outlined in the duly executed Mediated Settlement Term Sheet, dated September 17, 2019, by and between the Debtor and Astor Funding, LLC., a copy of which is attached hereto as Exhibit A (the "Funding Settlement Agreement").

4. In addition to the resolution of the claims by and against FUNDING, the DEBTOR has reached a resolution with the LANDLORD outlined in the duly executed Interim Settlement Agreement, dated September 11, 2019, a copy of which is attached hereto as Exhibit B (the "Landlord Settlement Agreement").

**RELIEF REQUESTED**

5. By this Motion, the Debtor-in-Possession seeks approval of the Settlement Agreement. The pertinent terms of the proposed Settlement Agreement are: (a) Debtor agrees to recognize the mortgage on the Debtor's leasehold interest in the amount of $3,600,000 (with an option for a conditional discounted payoff of $3,250,000 if paid within 90 days) (the "Compromised Settlement Amount") and enter new loan documents with Funding; (b) the Parties agree to execute mutual releases of all other claims (the "Release"); (c) the Settlement calls for 1651 ASTOR, LLC (the "Landlord") to recognize certain cure provisions to Funding as part of the Lease.

6. The DEBTOR further seeks approval of the settlement agreement with the Landlord pursuant to the terms outlined in the Landlord Settlement Agreement.

**BASIS FOR RELIEF**

7. Bankruptcy Rule 9019(a) provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor... and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

8. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases. *See Martin, 91 F.3d at 393; Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

9. Bankruptcy courts should approve a settlement if it is fair, equitable, and in the best interest of the estate. *See Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc*.), 119 F.3d 349, 355 (5th Cir. 1997).

10. Both before and after the filing of the Complaint, the Parties engaged in negotiations seeking to resolve the legal issues regarding the lease and the mortgage. As a result of this dialogue, then considering the risks and costs likely to be associated with this Case, and after evaluating the strengths and weaknesses of the Parties claims and alleged defenses thereto, the Debtor-in-Possession has determined that the aforementioned settlements, the Releases, and all other terms of the agreements are reasonable. In light of the foregoing, the Debtor-in-Possession has determined that the settlement agreements are reasonable and in the best interests of the Estate.

WHEREFORE, the Debtor-in-Possession respectfully request that the Court enter an Order approving the settlement agreements, as executed and attached hereto as Exhibit A and Exhibit B, and granting such other and further relief as is just and proper.

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court

for the Southern District of Florida and I am in compliance with additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

/s/ Ricardo Corona
Ricardo R. Corona, Esq.
Florida Bar No.:111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 547-1234
(888) 554-5607
bk@coronapa.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been served via CM/ECF notification or USPS Mail to the parties on the attached Mailing Matrix and all others set forth on the NEF on this 18th day of September, 2019.

/s/ Ricardo Corona
Ricardo R. Corona, Esq.
Florida Bar No.:111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150
(888) 554-5607
bk@coronapa.com