IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: ASTOR EB-5 LLC,                              CASE NO. 18-24170-AJC
                                                    CHAPTER 11

**Debtor,**
_____/

## EMERGENCY MOTION TO REOPEN CASE TO SHORTEN PREJUDICE PERIOD
### Emergency Hearng Required On or Before Wednesday June 17, 2020

The Debtor, Astor EB-5 LLC., (hereinafter referred to as "Debtor"), by the undersigned attorney, hereby files this motion requesting an Emergency hearing on this Emergency Motion to reopen case to shorten prejudice period pursuant to Local Rules 9075-1 and respectfully represents as follows:

1. On November 13, 2018, Astor EB-5, LLC. ("Debtor" or "ASTOR") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the bankruptcy Code"). The case was dismissed 9/27/19 Doc 185 with one year prejudice period, with this Court retaining jurisdiction to enforce the terms of the Funding Settlement Agreement and the Landlord Settlement Agreement.

2. This motion requests shortening of the prejudice period from September 27, 2020, 95 days. Approximately the number of days that COVID-19 has interfered with the world economy and the court system, and caused the alleged defaults described below.

3. The reason for the voluntary filing of the petition was to prevent the forfeiture of the primary asset of the Debtor, the 99-year leasehold interest in The Astor Hotel (the "LEASE").

4. At the time of the filing of the petition the Debtor was in default on the Lease payments and owed over $280,000 in past due payments to 1651 ASTOR, LLC (the "Landlord") and a state court eviction action was pending.

5. The Debtor at that time controlled by Debtor' Managing Member, DAVID HART (hereinafter "HART").

6. Prior to the filing of the voluntary petition the shareholders, on their behalf and as a derivative action on behalf of the Debtor, filed suit in arbitration and in state court against HART and others for fraud, mismanagement and self-dealing.

7. The Shareholders resolved the arbitration action against Hart through a settlement and he was replaced as Managing Member.

8. The Shareholders then made an agreement with the Landlord to cure the monetary default in the Lease by making an initial payment of $77,047.10 on April 7, 2019 to the Landlord and agreeing to make additional payments to the court registry in the amount of $413,973.68 on June 7, 2019.

9. Additionally, the Shareholders continued to keep the rent payments current by making additional monthly deposits to the court registry for the monthly rent of approximately $40,000.00.

10. Prior to the filing of the petition, HART the organizer, promoter and Managing Member of the Debtor (at the time), issued to a company he owns and managed, Astor EB-5 Funding LLC., (hereinafter "FUNDING") a mortgage in the amount of $4,500,000. on the previously unencumbered property of the Debtor.

11. On July 2, 2019 the Debtor commenced an adversary proceeding (Adv. Proc. No. 19-01203 the "Adversary Proceeding") against Astor Funding, LLC ("FUNDING") by

filing a Complaint seeking to invalidate the mortgage encumbering the Debtor's 99-year leasehold interest in The Astor Hotel (the "LEASE").

12. The Landlord, Lender and the Debtor resolved all claims in a Tri-Party Agreement which resolved all claims between all parties, and which included a payment plan regarding the amounts allegedly owed to the Landlord. Doc 176.

13. On September 27, 2019, this Honorable Court held a hearing and entered its Order of Dismissal with prejudice for one year and approved the settlement agreement and reserved jurisdiction Doc 185 .

14. Since the Order was entered, the global pandemic has introduced circumstances that were completely unforeseen at the time that the parties negotiated and entered into the Tri-Party Settlement Agreement.

15. Among the circumstances that were unforeseen when the Order was entered were the following:

   a. It was unforeseen that the Governor of the State of Florida would issue Executive Orders, which suspended mortgage foreclosure and eviction causes of action. See Executive Order 20-94 (effective April 2, 2020), as amended by Executive Order 20-121 (effective May 14, 2020).

   b. It was unforeseen that the Mayor of Miami-Dade County would issue emergency orders that closed hotels and/or restricted hotels from accepting new reservations. See Emergency Order 09-20, dated March 23, 2020, as amended on March 25, 2020.

  c. It was unforeseen that the Miami-Dade Police Department would not enforce Writs of Possession during the current state of emergency in Miami-Dade County due to COVID-19.

  d. It was unforeseen that the economic conditions in Miami Beach, Miami-Dade County, and Florida, would be such that the Debtor would not be able to operate the Premises as a hotel.

16. Accordingly, the Debtor is alleged to have defaulted under the terms of the Tri-Party Agreement.

17. The property is still technically under a contract which had an occupancy agreement. This contract is still valid and is set to close on June 30. However, it is pretty clear that the sale is not going to proceed as-is due to the COVID-19 closing of the hotel. The purchase price was $10.7 million. prior to COVID. Landlord alleges it is owed $80,000 rent plus taxes and legal fees alleged $480,000. Secured creditor is owed $3.6 million. Total debt to landlord and secured creditor is $4,080,000. There may be unsecured claims of $1 million. So at the pre COVID value there is $5 million in equity. Even at present depressed values there is $3 million equity.

18. Based on the alleged default, the Landlord has sought a Default Final Judgment and as hearing on same is scheduled for Thursday, June 18, 2020 at 11:45 AM.

19. Therefore, Debtor moves to have the prejudice period shortened by 95 days to have the opportunity to save the hotel which is the only asset of the estate by filing a new chapter 11 case, which will be in the fair interest of all creditors and best interests equity holders.

20. To date, since the filing of the initial Bankruptcy Petition, the Debtor has paid a total of over $1,300,000.00 in attempting to save the subject hotel including substantial amounts to make repairs, connect utilities and otherwise make the hotel property ready to reopen.

21. Should the prejudice period not be shortened, the Debtor will lose its ability to save the property and will be severely prejudiced. Landlord and secured creditors will not be prejudiced because they will be protected by the strict bankruptcy law concerning Landlords and secured creditors. Debtor will be required to pay administrative rent.

22. This motion is made in good faith and not for the purpose of delay.

23. This motion is being filed on an Emergency basis due to the hearing scheduled for June 18, 2020.

## Emergency Certification

**(A)**  The reason for the exigency and the date by which movant reasonably believes such hearing must be held is stated above. Direct, immediate and substantial harm will occur to the interest of an entity in property including Debtor and its equity holders, to the bankruptcy estate, and to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of this dispute.

**(B)**  Proponent has made a bona fide effort to resolve the matter without hearing by contacting counsel for Landlord and Secured Creditor in an attempt to obtain an agreed order upon the filing of the motion.

**WHEREFORE,** the Debtor respectfully request an Order granting an Emergency hearing on the present Motion pursuant to Local Rule 9075-1, granting Emergency Motion to Reopen to Reduce Prejudice Period and for such further relief as this Court deems appropriate.

JOEL M. ARESTY, P.A.

Attorneys for Debtor
309 1st Ave S
Tierra Verde FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483

**Certificate of Service**

I hereby certify that on June 12, 2020, I electronically filed the foregoing document with the Clerk of the Court on all those registered in this case using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record parties identified on the Service List below in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF and by phone call and email.

**Service List**

*Counsel for Creditor, Astor Funding EB-5, LLC*

Peter D. Russin, Esq.
prussin@melandrussin.com
Meaghan E. Murphy, Esq.
mmurphy@melandrussin.com
Meland Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

*Counsel for 1651 Astor, LLC*

Brian G. Rich
brich@bergersingerman.com
Berger Singerman LLP
313 North Montroe Street, Suite 301
Tallahassee, Florida 32301